**Affirmed and Memorandum Opinion filed May 21, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-07-00366-CR

**DONTAE TERRELL MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1061081**

## MEMORANDUM OPINION

This case was remanded from the Court of Criminal Appeals, which reversed this court's holding that appellant had waived his complaints about the denial of his motion to suppress. *See Moore v. State*, No. PD-0239-23, 2023 WL 4758682, at *2 (Tex. Crim. App. July 26, 2023) (not designated for publication). The high court directed this court to address appellant's third and fourth issues—

whether appellant voluntarily waived his *Miranda*[1] rights and gave statements to the police. *See id.* at *1–2. We affirm.

## I. BACKGROUND AND FINDINGS

The factual and procedural background are set out in greater detail in this court's prior opinion. *See Moore v. State*, No. 14-07-00366-CR, 2008 WL 4308424, at *1–2 (Tex. App.—Houston [14th Dist.] 2008), *rev'd*, 2023 WL 4758682. Appellant moved to suppress his two recorded statements, contending that he did not voluntarily waive his *Miranda* rights and that his statements were involuntary because appellant was intoxicated and had a "high school level of education." During the first interrogation, appellant said he dropped out of school in the tenth grade and had ingested marijuana and PCP earlier in the day. The detective conducted the second interrogation on the following day.

The detective and appellant testified at a hearing on the motion to suppress. Appellant testified, among other things, that the detective treated him nicely and that everybody treated him with respect. He testified that he understood the warnings that were given to him before his interviews, he knew what his rights were before he started talking, and he knew he had a right to an attorney and could have "executed" the interrogation. Appellant claimed to have ingested PCP shortly before the first interview but agreed he was not high for the second interview.

The court denied the motion to suppress. The court signed findings of facts and conclusions of law. Among other things, the court found:

- The detective was a credible witness and appellant was not a credible witness.

- Before appellant gave his first statement, the detective provided appellant the Article 38.22 and *Miranda* warnings, and appellant

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

"indicated that he understood each of those warnings which was all contained on the videotape." Appellant "freely and voluntarily participated in the ensuing conversation."

- The detective "observed the defendant during his interview and did not see any signs of intoxication."

- During the first interview, appellant was "lucid and capable of understanding the warnings given to him and the nature of his statements."

- The detective interviewed appellant a second time on the following day after appellant "had been in custody for more than 24 hours without access to drugs or alcohol."

- Before appellant gave his second statement, the detective provided appellant the Article 38.22 and *Miranda* warnings and "had the defendant read the warnings aloud on the videotape, and the defendant stated that he understood each of the warnings." Appellant "freely and voluntarily participated in the ensuing conversation."

- During the second interview, the detective did not see any signs of intoxication.

- "There were no noticeable changes in the defendant's behavior or responses between the first and second interviews."

- "The defendant at no time asked to terminate any of his conversations with the investigating officer or inquired about contacting or obtaining an attorney."

- "The defendant had at least a tenth grade education and demonstrated that he could read by reading aloud to the officer."

- "At no time did any of the police officers that the defendant came in contact with ever threaten him, make any promise or any offer of inducement of any kind to him, or physically abuse or mistreat him."

- "The defendant knowingly and voluntarily participated in both interviews with the investigating officer, and he voluntarily provided his videotaped statements, in the absence of any threats, coercion, promises, or other improper inducement on the part of the investigating officer."

- Appellant "knowingly, intelligently, and voluntarily gave up and waived the rights set out in art. 38.22, § 2, of the Code of Criminal Procedure."

Following an out-of-time petition for discretionary review in the Court of Criminal Appeals, the court remanded for this court to address appellant's third and fourth issues from his original brief. *Moore*, 2023 WL 4758682, at *1–2. In his third issue, appellant contends that the State failed to prove by a preponderance of the evidence that appellant voluntarily, knowingly, and intelligently waived his *Miranda* rights. In his fourth issue, appellant contends that law enforcement officials obtained appellant's statements by overbearing his will so as to render his statements involuntary. Appellant does not directly challenge any of the trial court's findings.

## II.    STANDARD OF REVIEW

Constitutional and statutory confession claims are evaluated under a bifurcated standard of review. *Sandoval v. State*, 665 S.W.3d 495, 515 (Tex. Crim. App. 2022). Questions of historical fact and questions that turn on credibility and demeanor are reviewed with deference to the trial court's ruling. *Id.* Questions of law and questions that depend on the application of law to facts that do not turn on credibility and demeanor are reviewed de novo. *See id.* Whether a statement is voluntary is a mixed question of law and fact that may depend upon credibility and demeanor. *Garcia v. State*, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000). When a defendant presents evidence raising a voluntariness question, the State must prove voluntariness by a preponderance of the evidence. *See State v. Terrazas*, 4 S.W.3d 720, 725 (Tex. Crim. App. 1999); *see also Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011).

4

### III. VOLUNTARINESS OF WAIVER AND STATEMENTS

Appellant addresses his third and fourth issues together, highlighting his claimed intoxication and failure to complete high school. Issues concerning the voluntariness of *Miranda* waivers and the voluntariness of statements are distinct although they sometimes involve overlapping concepts.

Constitutional claims regarding the voluntariness of *Miranda* waivers and statements made to law enforcement require police overreaching or misconduct. *See Williams v. State*, 502 S.W.3d 262, (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing *Oursbourn v. State*, 259 S.W.3d 159, 170–71 (Tex. Crim. App. 2008); *Umana v. State*, 447 S.W.3d 346, 350 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd)). Appellant does not identify any police misconduct or challenge the trial court's findings about the lack of any threats, abuse, coercion, inducement, and the like. Indeed, he disclaimed any such conduct at the hearing and testified that everybody was respectful to him.

Nonetheless, a *Miranda* waiver must be made "with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Leza*, 351 S.W.3d at 349 (quotation omitted). When a defendant claims that a confession was involuntary due to their state of mind, those claims are resolved under state law, including the Texas Confession Statute, Article 38.22 of the Code of Criminal Procedure. *See Williams*, 502 S.W.3d at 272. The voluntariness of *Miranda* waivers and a defendant's statements under Article 38.22 are assessed under the totality of the circumstances. *See Leza*, 351 S.W.3d at 349; *Williams*, 502 S.W.3d at 272. The totality of the circumstances may include the defendant's experience, background, conduct, and characteristics. *See Williams*, 502 S.W.3d at 272.

Although relevant, evidence of intoxication does not necessarily render a statement involuntary. *Id.*; *see also Oursbourn*, 259 S.W.3d at 173. Characteristics such as "youth, intoxication, mental retardation, and other disabilities are usually not enough, by themselves, to render a statement inadmissible." *Sandoval*, 665 S.W.3d at 526 (quotation omitted). "When there is evidence of the defendant's use of narcotics, medications, or other mind-altering agents, the question becomes whether those intoxicants prevented the defendant from making an informed and independent decision." *Williams*, 502 S.W.3d at 272–73. "A confession can be involuntary under state law if the suspect lacked the mental capacity to understand his rights or if, due to a temporary mental condition, he did not understand what he was confessing to." *Sandoval*, 665 S.W.3d at 526.

The trial court was, of course, free to disbelieve appellant's claim of intoxication. *See id.* ("The fact finder was free to disbelieve the drug claim."). Indeed, the trial court's unchallenged finding was that appellant was lucid and capable of understanding the warnings given to him and the nature of his statements. Appellant testified that he understood the warnings and his rights, consistent with the trial court's findings. *See id.* at 527 ("Appellant said that he understood his rights and agreed to waive them."). And although appellant did not finish high school, he was capable of reading the warnings and understanding them.

The trial court's findings—that appellant voluntarily waived his rights and made statements to the police—are fully supported by the record with minimal, if any, conflicting evidence. We must defer to the trial court's resolution of this mixed question of law and fact that depends upon credibility. *See Garcia*, 15 S.W.3d at 535. The trial court did not abuse its discretion by denying appellant's motion to suppress.

## IV. CONCLUSION

Appellant's third and fourth issues are overruled.  The trial court's judgment is affirmed.

/s/    Ken Wise
       Justice

Panel consists of Justices Wise, Poissant, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b)